IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEVEN HESS,  )
  )
    Plaintiff,  )
  )
v.  )
  )
WHITE CASTLE SYSTEM INC., d/b/a  )
WHITE CASTLE,  )
  )   Case No.  19-cv-274-RJD
    Defendant/Third-Party Plaintiff,  )
  )
v.  )
  )
ENVISION FACILITY SOLUTIONS  )
  )
    Third-Party Defendant.  )

**ORDER**

**DALY, Magistrate Judge:**

This is a personal injury action removed to this Court by Defendant White Castle System Inc. ("White Castle") on March 6, 2019. Plaintiff alleges he slipped and fell on ice due to Defendant's negligence. Plaintiff was granted leave to file an amended complaint, which he did on September 24, 2019 (Doc. 26). Defendant White Castle was also granted leave to file a third-party complaint, which it did on September 24, 2019 (Doc. 28).

In his amended complaint, Plaintiff added additional claims of negligent and intentional spoliation of evidence against Defendant White Castle. In its third-party complaint, Defendant White Castle names Envision Facility Solutions ("Envision") as Third-Party Defendant and sets forth claims of contribution, indemnification, and breach of contract. More specifically, White Castle alleges that Envision was responsible for and had contracted with White Castle to provide snow and ice removal services at the premises at issue, but had failed to perform its removal

services.

Now before the Court is Defendant White Castle's Motion to Strike and Dismiss the Amended Complaint (Doc. 31). In particular, Defendant seeks to strike paragraphs 6, 7, 8, 13, 14, 15, and 16 from Count I, strike paragraphs 5-9 of Count II, and dismiss Count III. Plaintiff responded to Defendant's motion on October 31, 2019 (Doc. 32).

## **Count I**

Federal Rule of Civil Procedure 12(f) governs motions to strike. The rule authorizes courts to strike from any pleading "redundant, immaterial, impertinent, or scandalous matter." Allegations may be stricken if the matter alleged bears no possible relation to the controversy or may cause the objecting party prejudice. *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 664 (7th Cir. 1992).

In Count I, Plaintiff alleges he slipped and fell while in the parking lot on Defendant's premises on ice that had previously fallen, melted, or refroze. Defendant seeks to strike paragraphs 6, 7, 8, 13, 14, 15, and 16, arguing it did not have a duty to remediate the natural accumulation of ice and snow at issue and it did not have a duty to constantly de-ice an entire parking lot during the winter months. In support of its argument, Defendant contends a landowner is not responsible for removing snow and ice that is the result of natural accumulation, nor is it responsible for slip and falls where salted ice melts and later refreezes. Defendant further contends landowners are not responsible in circumstances when they spread salt that later refreezes, and that an employee's failure to conform to an employer's instruction to remove snow and ice does not create a duty for the basis of a negligence action. Defendant asserts that because the allegations set forth in paragraphs 6, 7, 8, 13, 14, 15, and 16 do not set forth any duty on its behalf, the allegations should be stricken because they are immaterial and irrelevant. Although

Defendant does not specifically cite the Rule on which its motion as to the allegations in Count I is based, based on its request, it appears to be Federal Rule of Civil Procedure 12(f).

Plaintiff notes Defendant answered similar and/or identical allegations set forth in his original complaint. Moreover, Plaintiff asserts a defendant who voluntarily undertakes the removal of snow and ice can be subjected to liability where the removal results in an unnatural accumulation of snow or ice that causes injury to a plaintiff. Plaintiff explains that Defendant's actions of putting chemical down, but not completely removing all of the ice in the parking lot, gave Plaintiff a false sense of security and increased his risk of harm. Plaintiff asserts that the issue of whether or not accumulations are natural is a question of fact.

Defendant is correct that under Illinois law, a landowner or possessor of real property has no duty to remove natural accumulations of ice, snow, or water from its property, *Krywin v. Chicago Transit Authority*, 238 Ill. 2d 215, 227 (Ill. 2010), however, as acknowledged by Defendant, a landowner may be subject to liability if his voluntary undertaking to remove snow and ice is performed in a negligent manner. *Judge-Zeit v. General Parking Corp.*, 376 Ill.App.3d 573, 581 (Ill. App. Ct. 2007). A landowner's use of salt that causes ice to melt and possibly refreeze "does not aggravate a natural condition so as to form a basis for liability on the part of the property owner." *Harkins v. System Parking, Inc.*, 186 Ill.App. 3d 869, 873 (Ill. App. Ct. 1989). This is the crux of Defendant's argument — that the allegations at issue in Count I are immaterial because the treatment of the snow and ice did not cause an unnatural accumulation. The Court, however, agrees with Plaintiff that the issue of whether Defendant caused snow and ice to not be in its natural accumulated state is a question of fact and is not immaterial to the claims in this lawsuit. Indeed, Plaintiff's allegations question whether Defendant, through its employees, agents, or representatives, was negligent in its undertaking to remove snow and ice. For this reason, the

Court finds no basis on which to strike the allegations at issue in Count I.

## Count II

In Count II of the Amended Complaint, Plaintiff sets forth a claim of negligent spoliation of evidence. Defendant seeks to strike paragraphs 5-9 of Count II as irrelevant, immaterial, and prejudicial. In these paragraphs, Plaintiff alleges correspondence was sent to Defendant by an attorney informing Defendant of the need to preserve photographs and evidence of Plaintiff's fall on the premises. Defendant argues that the letters at issue do not create a duty on Defendant to preserve evidence absent a further relationship and, for that reason, the allegations should be stricken. Plaintiff remarks that the allegations lay out the proper elements for pleading a negligent spoliation of evidence claim — duty, breach, causation, and damages.

As set forth by Defendant, Illinois law only imposes a duty to preserve evidence "through an agreement, a contract, a statute, or another special circumstance," *Boyd v. Travelers Ins. Co.*, 166 Ill.2d 188, 195 (Ill. 1995), and some courts have recognized that a mere request to preserve evidence is generally insufficient to impose a duty absent some further, special relationship. *Andersen v. Mack Trucks, Inc.*, 341 Ill.App.3d 212, 217 (Ill. App. Ct. 2003). However, *Anderson*, which Defendant cites, leaves open the possibility that there are other facts that could be pled to establish the existence of a duty. *Id.* Further, the Court finds no authority to support a finding that the allegations concerning the letters at issue are wholly irrelevant to the question of whether there was a special relationship. Indeed, requests to preserve evidence may be considered when making this determination. *See Wofford v. Tracy*, (Ill. App. Ct. 2015) ("For a special circumstance to impose a duty to preserve evidence, something more than possession and control are required, such as a request by the plaintiff to preserve the evidence and/or the defendant's segregation of the evidence for the plaintiff's benefit.") (internal quotations omitted). For this

reason, the Court finds no basis to strike the allegations at issue in Count II.

## **Count III**

In Count III of the Amended Complaint, Plaintiff sets forth a claim of intentional spoliation of evidence. Defendant seeks to dismiss this claim arguing Illinois courts have not recognized such claims and have instead analyzed spoliation claims under negligence principles. Plaintiff concedes that the Illinois Supreme Court has never specifically recognized a claim of intentional spoliation of evidence; however, he explains the Illinois Supreme court has never found that such a claim does not exist. Plaintiff also asserts that federal courts in Illinois have recognized such claims, citing cases from the Northern District of Illinois.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal if a complaint fails to state a claim upon which relief can be granted. In considering a motion to dismiss, the Court accepts as true all well-pleaded allegations in the complaint and draws all possible inferences in favor of the plaintiff. *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quotations omitted). A plaintiff need not set out all relevant facts or recite the law in his or her complaint; however, the plaintiff must provide a short and plain statement that shows that he or she is entitled to relief. *See* FED. R. CIV. P. 8(a)(2). Thus, a complaint will not be dismissed if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In *Borsellino v. Goldman Sachs Group, Inc.*, the Seventh Circuit Court of Appeals discussed the claims of spoliation of evidence brought by the plaintiffs. The Court remarked that the Supreme Court of Illinois has emphasized that "the state does not recognize a tort of intentional spoliation of evidence, and that negligent spoliation is not itself an independent tort but rather a

type of negligence." 477 F.3d 502, 509-10 (7th Cir. 2007). Thus, the Court analyzed the two charges of spoliation as an ordinary negligence claim. *Id.* at 510. Although the Court recognizes the Northern District of Illinois has found the Illinois Supreme Court would probably recognize an intentional spoliation claim in the right circumstances, *see, e.g., Welch v. Wal-Mart Stores, Inc.*, No. 04-C-50023, 2004 WL 1510021 (July 1, 2004 N.D. Ill.) (finding the plaintiff stated an intentional spoliation claim on allegations that employees watched videotape of the accident and then deliberately disposed of the videotape to hinder the plaintiff's legal action), such cases were decided pre-*Borsellino* and do not definitively find a cause of action for intentional spoliation of evidence. Based on the foregoing, the Court does not find a viable claim for intentional spoliation and **GRANTS** Defendant's Motion to Dismiss Count III pursuant to Federal Rule of Civil Procedure 12(b)(6).

Based on the foregoing, Defendant White Castle's Motion to Strike and Dismiss the Amended Complaint (Doc. 31) is **GRANTED IN PART AND DENIED IN PART**. Count III is dismissed for failure to state a claim.

**IT IS SO ORDERED.**

**DATED: December 6, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**