IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN HESS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WHITE CASTLE SYSTEM INC., d/b/a | ) |
| WHITE CASTLE, | ) |
| | )  Case No. 19-cv-274-RJD |
| Defendant/Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ENVISION FACILITY SOLUTIONS | ) |
| | ) |
| Third-Party Defendant. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This is a personal injury action removed to this Court by Defendant White Castle System Inc. ("White Castle") on March 6, 2019. Plaintiff alleges he slipped and fell on ice due to Defendant's negligence. Now before the Court is the Motion to Strike Defendant's Expert Witness Dr. Russell Cantrell filed by Plaintiff (Doc. 41). For the reasons set forth below, the Motion is **GRANTED**.

**Background**

On December 23, 2019, Defendant White Castle System, Inc. disclosed Dr. Russell Cantrell as an expert witness. This Court previously found that as an expert witness retained or specially employed to provide expert testimony in this case, Dr. Cantrell is obligated to provide the information set forth in Federal Rule of Civil Procedure 26(a)(2)(B)(i)-(vi). Counsel for Plaintiff asserts he attempted to confer with counsel for Defendants to obtain the required information,

particularly Dr. Cantrell's financial information and deposition list, but to no avail. Plaintiff asks that Dr. Cantrell be stricken as a witness due to his failure to comply with Rule 26(a).

In response to Plaintiff's motion, Defendant contends that Dr. Cantrell's Rule 35 expert report and his curriculum vitae provide information that satisfies the requirements of Rule 26(a)(2)(B)(i)-(iv). Defendant also asserts that it has disclosed the fee paid to Dr. Cantrell. As such, Defendant explains the only information it has not disclosed in regards to Dr. Cantrell is a list of all of his other cases during the previous four years for which he testified as an expert at trial or by deposition. Defendant explains it has sought to obtain this information from Dr. Cantrell and other means, including an "IDEX" search, but to no avail. Defendant also remarks that it has advised counsel for Plaintiff that Dr. Cantrell is deposed one to two times per week. Defendant asks that the Court deny Plaintiff's motion to strike because it has made good faith efforts to disclose the information required under Rule 26(a)(2) and it is substantially justified in its inability to disclose the information required pursuant to Rule 26(a)(2)(B)(v).

## **Discussion**

Pursuant to Federal Rule of Civil Procedure 37(c)(1), if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. Here, the Court finds Defendant failed to provide the information required under Rule 26(a)(2)(B)(v)-(vi) in relation to Dr. Cantrell. Accordingly, Defendant must demonstrate that its failure was substantially justified or harmless.

The Seventh Circuit has articulated four factors for the district court to consider when determining whether a party's failure to disclose was either substantially justified or harmless: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the

party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar*, 324 F.3d 851, 857 (7th Cir. 2003).

Defendant argues its inability to satisfy Rule 26(a)(2)(B)(v) is harmless as it has provided information to Plaintiff which establishes the "general frequency" in which Dr. Cantrell provides expert testimony. Defendant does not specifically address issues concerning Plaintiff's ability to cure the prejudice or the likelihood of disruption at trial. Although Defendant's good faith is not in question, it's failure (or inability) to disclose is prejudicial. Adequate access to other cases in which an expert has testified allows the opposing party to obtain prior testimony and potentially identify inconsistent positions taken in previous cases for use in cross-examination. *Wallace v. Hounshel*, No. 1:06-cv-01560-RLY-TAB, 2008 WL 2184907, *3 (May 22, 2008 S.D. Ind.). Moreover, it is apparent that Dr. Cantrell either does not keep a list of his cases or refuses to provide the same to counsel. This does not justify Defendant's failure to provide this information to Plaintiff as required under Rule 26. *Id.* (citing *Norris v. Murphy*, No. Civ. A. 00-12599-RBC, 2003 WL 21488640, *3 (June 26, 2003 D. Mass) ("An expert cannot deliberately put himself or herself in a position where it is impossible to comply with a rule and then claim that he or she cannot comply. Self-induced inability to comply with a rule is simply not justified.")). Rule 26(a)(2)(B) specifically delineates the basic criteria necessary for a witness to hold himself out as an "expert" in federal court. Dr. Cantrell has not complied with all of the criteria. The Court declines to allow Dr. Cantrell to testify or otherwise provide evidence in this matter as doing so would undermine the necessity of following the Federal Rules and lower the bar for other experts. Although the Court is mindful of Defendant's position, attorneys should not retain experts to testify in federal court without obtaining, at the outset, assurances that the expert has the required

information at his disposal, and will provide the same.

## Conclusion

For the reasons set forth above, Plaintiff's Motion to Strike (Doc. 41) is **GRANTED**. Defendant White Castle System, Inc. shall not be allowed to use Dr. Russell Cantrell as an expert witness in this matter.

**IT IS SO ORDERED.**

**DATED: March 31, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**